# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, *et al.*,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Respondents*. | No. 20-60929 |

**PETITIONERS' REPLY IN SUPPORT OF ABEYANCE**

The Court should hold this protective petition in abeyance, for three reasons. First, the D.C. Circuit's resolution of Petitioners' challenges to the interrelated Revised Better-than-BART Rule—including the analytical demonstration that is central to the validity of the Trading Rule in this case—could obviate the need for *any* further litigation in this Court. Second, the D.C. Circuit's resolution of Petitioners' *first*-filed Motion to Confirm Venue over their primary petition for review of the Trading Rule could likewise render further litigation in this Court unnecessary. Third, an abeyance pending EPA's resolution of Petitioners' October 13, 2020 Petition for Reconsideration of the Trading Rule would promote orderly review of that petition and narrow the scope of litigation in this Court.

Under nearly identical circumstances, this Court and others have stayed

litigation of similar protective Clean Air Act petitions pending the resolution of petitioners' venue or merits arguments in other courts. *See, e.g., Sierra Club v. EPA*, No. 20-60303 (5th Cir. June 8, 2020), Doc. 00515443808 (Higginbotham, J.) (staying protective Clean Air Act claims pending the D.C. Circuit's determination of venue) [hereinafter, "Higginbotham Order"]; *Sierra Club v. EPA*, No. 18-9507 (10th Cir. Aug. 22, 2018) (same); *Nat'l Parks Conservation Ass'n*, No. 17-60828 (5th Cir. Mar. 6, 2018), Doc. 00514374174 (staying petitions for review pending EPA's resolution of petition for reconsideration). EPA fails to provide any compelling reason for departing from that "well-settled" and "efficient" process, Higginbotham Order at 2, or for racing to decide issues of fact and law that are already pending before another court.

EPA also fails to identify any prejudice to the agency or other parties resulting from an abeyance. Petitioners, on the other hand, would be prejudiced by an order denying the abeyance and allowing EPA and the proposed Intervenor-Respondents to commandeer their protective petition and force duplicative litigation of the *same* legal and factual issues in *separate* courts at the *same* time. Such an approach would waste the courts' and the parties' resources, risk inconsistent judicial rulings, and defeat the purpose of protective petitions.

## I.     AN ABEYANCE WILL AVOID DUPLICATIVE LITIGATION OF THE SAME ISSUES.

EPA does not dispute that the Trading Rule at issue relies on the same nationally applicable findings that are properly pending in the D.C. Circuit as part of the related Revised Better-than-BART Rule litigation. Opp. at 8, 14; *see Nat'l Parks Conservation Ass'n v. EPA*, Nos. 17-1253, 20-1341 (D.C. Cir.). Nor does the agency dispute that if the D.C. Circuit invalidates those nationally applicable findings, EPA "may need to conduct new analysis for states (*including Texas*) that rely on" the national rule as an alternative to source-specific BART. *See* EPA Reply in Supp. of Extension at 9 n.4 (emphasis added), *Nat'l Parks Conservation Ass'n v. EPA*, No. 20-1408 (D.C. Cir.), Doc. 1870372 [hereinafter, "EPA Extension Reply"]. Consequently, the Court should hold this protective petition in abeyance pending the D.C. Circuit's resolution of the nationally applicable Revised Better-than-BART Rule, which is central to the validity of the Trading Rule and properly before the D.C. Circuit.

EPA's arguments to the contrary are unavailing. First, the agency admits that the Trading Rule relies on the national Revised Better-than-BART Rule, but claims that the "relationship" between those two rules is "significantly weaker" than that between the 2017 and 2020 Trading Rules. Opp. at 14. But conceding this relationship supports keeping *both* the 2017 and 2020 cases in abeyance pending the D.C. Circuit's resolution of the underlying Better-than-BART analysis—not

racing ahead to adjudicate claims that EPA admits "rely on" the same factual and legal issues already pending the D.C. Circuit. *Id*. at 8.

EPA further contends that "Petitioners have everything they need in the record of the 2020 [Trading] Rule to challenge that action here." Opp. at 14. That is not accurate. The Trading Rule relies on EPA's nationally applicable Revised Better-than-BART Rule as the "primary evidence" that it satisfies the requirements for a BART alternative. 85 Fed. Reg. 49,170, 49,189 (Aug. 12, 2020). Judicial review of the Trading Rule will therefore require evaluation of the basis for the Revised Better-than-BART analysis, which EPA concedes is properly pending in the D.C. Circuit. Thus, the Court should hold this protective petition in abeyance pending the D.C. Circuit's resolution.

## II. THIS COURT SHOULD STAY THIS PROTECTIVE PETITION TO ALLOW THE D.C. CIRCUIT TO RESOLVE PETITIONERS' FIRST-FILED VENUE MOTION.

At a minimum, the Court should grant an abeyance until the D.C. Circuit rules on Petitioners' first-filed Motion to Confirm Venue in *Nat'l Parks Conservation Ass'n*, No. 20-1408 (D.C. Cir.), Doc. 1867141. Citing Intervenors' later-filed, competing venue motion in No. 17-60828, EPA urges the Court to deny Petitioners' requested abeyance and confirm venue over this case and No. 17-60828. But the Court need not reach those venue issues now, or possibly ever.

Where, as here, a petitioners' first-filed venue arguments are pending in another court, this Court has recognized the appropriateness of holding the petitioners' protective petition in abeyance. In *Sierra Club v. EPA*, the petitioners in a Clean Air Act case filed a petition for review with the D.C. Circuit, and filed a protective petition for review with this Court. The Fifth Circuit filing was made "to protect their right to judicial review" should the D.C. Circuit determine venue was improper there. Higginbotham Order at 1. After Petitioners moved to hold the Fifth Circuit case in abeyance pending the D.C. Circuit's resolution of the venue issue, *id*. at 2, the Court rejected the intervenor's "attempt to transform a protective petition into a primary petition." *Id*. In staying the case pending the D.C. Circuit's resolution of the venue question, the Court noted "little reason to risk conflicting decisions" and that the process followed by the petitioners was a "practical and efficient process for resolution of competing challenges to administrative actions in courts of appeals." *Id*.

This dispute in this case is nearly identical. Here, Petitioners also filed their primary petition for review with the D.C. Circuit (No. 20-1408) and a protective petition with this Circuit, and then promptly filed a Motion to Confirm Venue with the D.C. Circuit and a motion to hold this protective petition in abeyance. This Court should follow the "settled" and "efficient process" endorsed by Judge

Higginbotham, and hold this protective matter in abeyance until the D.C. Circuit rules on Petitioners' Motion to Confirm Venue.[1]

EPA makes much of the fact that Petitioners challenged EPA's initial 2017 Trading Rule in only this Court, Opp. at 11-12, but the agency ignores the obstacles to litigating the merits of that rule, in this Court or any other. As detailed in Petitioners' motion, in 2017, EPA abruptly abandoned a source-specific BART proposal for Texas in favor of a completely new intrastate trading program, without providing the public an opportunity to comment. Because EPA's 2017 trading scheme bore no resemblance to the agency's source-specific BART proposal, Petitioners filed a petition for reconsideration. EPA-R06-OAR-2016-0611-0135 n.72; *Util. Air Regulatory Grp. v. EPA*, 744 F.3d 741, 747 (D.C. Cir. 2014) ("Objections raised for the first time in a petition for reconsideration must await EPA's action on that petition."). Petitioners argued, among other things, that review of the Trading Rule should be in the D.C. Circuit.

---

[1] EPA urges the Court to depart from Judge Higginbotham's "practical and efficient process for resolution of competing challenges" because, unlike *Sierra Club v. EPA*, the Trading Rule at issue involves "follow-on litigation to a challenge to a rule still pending in this Circuit." Opp. at 13. That is incorrect. In fact, Judge Higginbotham applied the "first-filed" principle even though *Sierra Club v. EPA* was a follow-on challenge to a 2018 rule that is *still* in abeyance in this Court. *See Downwinders At Risk, et al. v. EPA*, No. 18-60290 (5th Cir. filed Apr. 17, 2018); *see also* Pet'rs' Brief, *Sierra Club v. EPA*, No. 20-1121 (D.C. Cir. filed Nov. 13, 2020), Doc. 1871161 (explaining procedural history of EPA actions in *Sierra Club v. EPA*, No. 20-60303).

When EPA re-opened comment on the trading scheme, Petitioners again urged the agency to recognize that the Trading Rule is nationally applicable and nationwide in scope and effect. EPA refused, but that decision "does not escape review." *Nat'l Envtl. Dev. Ass'n's Clean Air Project v. EPA*, 891 F.3d 1041, 1053 (D.C. Cir. 2018) (Silberman, J., concurring). Petitioners have now undisputedly exhausted their venue claim, which is properly pending in the D.C. Circuit. *Id.*

Additionally, EPA's response does not dispute Petitioners' contention (Mot. at 16) that the national implications of the Trading Rule were not fully apparent until the agency updated its underlying Better-than-BART analysis in 2020. When EPA refused to issue the appropriate venue determination, Petitioners challenged EPA's interrelated Trading and Revised Better-than-BART actions in the D.C. Circuit. In an abundance of caution, Petitioners also filed a protective petition for review of the Trading Rule in this Court.

Petitioners' determinations regarding how to manage their affirmative litigation, including decisions to protect their choice of venue, are entitled to a degree of respect.  Higginbotham Order at 1; *see also Cadle Co. v. Whataburger of Alice,* 174 F.3d 599, 604 (5th Cir. 1999) (first-to-file rule promotes judicial "economy, consistency, and comity"); *Westinghouse Elec. Corp. v. U.S. Nuclear Regulatory Comm'n*, 598 F.2d 759, 767 (3d Cir. 1979) (first-to-file rule "prevent[s]

unseemly conflicts that could result should sister circuits each take the initiative and issue conflicting decisions as to where venue lies") (citation omitted).

By opposing Petitioners' requested abeyance and inviting the Court to confirm venue over their protective petitions, EPA and proposed Intervenors are attempting to force Petitioners to engage in duplicative litigation of the same issues in two courts at the same time. Denying Petitioners' requested abeyance increases the likelihood of inconsistent judgments and punishes Petitioners for filing protective petitions for review in the Fifth Circuit—an action that courts encourage. *See, e.g.*, *Eagle-Picher Indus. v. EPA*, 759 F.2d 905, 912 (D.C. Cir. 1985) ("[W]e have previously admonished petitioners of the wisdom of filing protective petitions for review."); *Recreation Vehicle Indus. Ass'n v. EPA*, 653 F.2d 562, 569 (D.C. Cir. 1981).

### III. AN ABEYANCE PENDING RESOLUTION OF PETITIONERS' RECONSIDERATION REQUEST IS APPROPRIATE.

The Court should also grant an abeyance because the issues raised in Petitioners' 2020 Reconsideration Petition, Ex. A to Mot., Doc. 00515624513, are central to the validity of EPA's Trading Rule, and the outcome of any reconsideration process could narrow the scope of this litigation, or avoid it altogether.

EPA does not dispute Petitioners' contention (Mot. at 11) that the Trading Rule relies on a previously undisclosed "corrected" Sensitivity Analysis that

"actually contradicts EPA's conclusion" that the Trading Rule is a lawful BART alternative under 40 C.F.R. § 51.308(e)(3), and EPA must therefore convene a reconsideration proceeding. Nevertheless, EPA contends that an abeyance pending reconsideration is not warranted for three reasons, none of which have merit.

First, relying on 42 U.S.C. § 7407(b)(1), EPA claims that the Clean Air Act allows litigation of petitions for review while a petition for administrative reconsideration remains pending. Opp. at 16. But that statutory provision plainly does *not* require the Court to move forward regardless of any petitions for reconsideration. Because the 2020 Reconsideration Petition is of central relevance to the validity of the Trading Rule, an abeyance is appropriate.

Second, relying on *NRDC v. EPA*, 902 F.2d 972, 974 (D.C. Cir. 1990), and *Lead Industries Ass'n v. EPA*, 647 F.2d 1184, 1186-87 (D.C. Cir. 1980), EPA wrongly suggests the petition for reconsideration "appear[s] speculative and not a sufficient basis for an abeyance." Opp. at 17. *NRDC v. EPA* involved allegations that an author of one of the many studies upon which EPA relied to set air quality safeguards had suppressed unidentified evidence of errors; and there was "considerable doubt" as to whether an error actually affected the validity of EPA's conclusions. 902 F.2d at 974. Here, by contrast, the 2020 Petition for Reconsideration addresses EPA's own previously undisclosed data that goes to the

validity of the Sensitivity Analysis, upon which EPA relies as the "primary evidence" supporting the Trading Rule. 85 Fed. Reg. at 49,189.

*Lead Industries* actually supports an abeyance. In that case, the court recognized that to grant an abeyance, "the court must be convinced that the 'new information' which provides the basis for the reconsideration petition raises substantial questions about the validity of the Agency's analysis." 647 F.2d at 1187. Here, the "new information" revealed by EPA not only raises substantial questions, it directly undercuts EPA's conclusion that the Trading Rule satisfies the mandatory regulatory criteria for a valid BART alternative. And EPA concedes that, if its Better-than-BART analysis is flawed, the agency "may need to conduct new analysis for states (including Texas)" that relied on that national analysis in lieu of adopting source-specific BART. EPA Extension Reply at 9 n.4

Finally, EPA's claim that Petitioners seek to "delay litigation indefinitely" (Opp. at 3) rings hollow given that the agency presented its purportedly "corrected" Better-than-BART Sensitivity Analysis for the first time on July 6, 2020—nearly three years after the agency abandoned its source-specific BART proposal in favor of a Texas trading scheme, and two years after the close of the comments in this case. Moreover, the Clean Air Act's BART requirements for Texas power plants were due in 2007. 42

U.S.C. § 7491(b)(2); 40 C.F.R. § 51.308(b). It is EPA, not Petitioners, that has failed for more than a decade to properly implement the law.

## IV.　AN ABEYANCE WILL NOT PREJUDICE ANY PARTY.

EPA fails to identify any concrete harm to the agency or any other party from an abeyance.[2] Contrary to EPA's claims, Opp. at 14, denying an abeyance would prejudice Petitioners, while also promoting judicial inefficiency and increasing the risk of conflicting judicial decisions. As discussed, EPA admits that the Trading Rule in this case relies on the same nationally applicable analytical demonstration that is properly before the D.C. Circuit. Opp. at 8, 14. And EPA concedes that if the D.C. Circuit "finds any fault in EPA's assumptions in the better-than-BART actions, EPA may need to conduct new analysis for states (including Texas) that rely on" the national rule. *See* EPA Extension Reply at 9 n.4. Meanwhile, EPA takes the position that the merits of EPA's Better-than-

---

[2] Intervenors similarly fail to identify any prejudice. They do not seek any concrete relief that would be delayed; instead, they invite the Court to decide a legal issue that need not be decided now, or possibly ever—whether to "confirm" venue over *Petitioners'* protective claims. Intervenor Resp. at 6. Intervenors' vague concerns about regulatory "certainty" (*id*. at 12) are speculative and irrelevant. The requested abeyance would simply stay this protective petition pending the D.C. Circuit's resolution of interrelated legal and factual issues; it would not affect the implementation of the rule.

　　In any event, the proposed Intervenors also moved to intervene in each of the parallel D.C. Circuit cases concerning the Trading and Revised Better-than-BART Rules, where they are free to defend their interests.

BART analyses are "beyond the scope" of the Trading Rule. 85 Fed. Reg. at 49,174.

In short, EPA's approach would require Petitioners to simultaneously litigate the Trading and Revised Better-than-BART Rules, even though the agency admits that the rules rely on the same issues of law and fact and that the D.C. Circuit's resolution of the Revised Better-than-BART Rule could obviate or narrow the Trading Rule litigation. Such an approach would impair Petitioners' ability to manage their own claims and risk inconsistent judicial decisions.

## CONCLUSION

Petitioners respectfully request an Order holding this case in abeyance consistent with their Motion.

DATED: November 19, 2020   Respectfully submitted,

/s/ Joshua Smith

JOSHUA SMITH
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

*Counsel for Petitioner Sierra Club*

CHARLES MCPHEDRAN
Earthjustice
1617 John F. Kennedy Boulevard, Suite 1130

Philadelphia, PA 19103
(215) 717-4521
cmcphedran@earthjustice.org

*Counsel for Petitioners National Parks Conservation Association, Environmental Defense Fund, and Sierra Club*

MICHAEL SOULES
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
(202) 667-4500
msoules@earthjustice.org

*Counsel for Petitioners National Parks Conservation Association, Environmental Defense Fund, and Sierra Club*

Case: 20-60929   Document: 35   Page: 13   Date Filed: 11/19/2020

## CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this Reply complies with FED. R. APP. P. 27(d)(2)(C) because it contains 2,586 words, excluding the parts exempted by FED. R. APP. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This response also complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: November 19, 2020

　　　　　　　　　　　　　　　　　　*/s/ Joshua Smith*
　　　　　　　　　　　　　　　　　　Joshua Smith

　　　　　　　　　　　　　　　　　　*Counsel for Sierra Club*

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: November 19, 2020

*/s/Joshua Smith*
Joshua Smith

*Counsel for Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 19th day of November 2020.

*/s/ Joshua Smith*
Joshua Smith

*Counsel for Sierra Club*
