IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, SIERRA CLUB, and ENVIRONMENTAL DEFENSE FUND, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and ANDREW WHEELER, Administrator, United States Environmental Protection Agency, <br><br> Respondents. | Consolidated Case Nos. <br> 17-60828 & 20-60929 |

## JOINT REPLY OF RESPONDENT-INTERVENORS IN SUPPORT OF MOTION FOR PANEL RECONSIDERATION

Respondent-Intervenors respectfully submit this reply in support of their motion requesting this Court reconsider two single-judge orders: 1) the December 23, 2020 Order in Case No. 17-60828[1] denying, without prejudice, Respondent-Intervenors' motion to confirm that venue for these cases lies exclusively in this Court under 42 U.S.C. § 7607(b); and 2) the December 23, 2020 Order in Case Nos. 17-60828 and 20-60929[2] *sua sponte* transferring these cases to the U.S. Court of Appeals for the D.C.

---

[1] Doc. 00515684634 ("Consolidation Order").

[2] Doc. 00515684739 ("Transfer Order").

Circuit, citing 28 U.S.C. § 2112(a)(5). These two Orders relied on the mistaken "presum[ption]" that EPA's 2020 Rule "supersedes the 2017 Rule" (Consolidation Order at 3), which led this Court to determine that transfer of these cases was required under 28 U.S.C. § 2112(a)(5) (Transfer Order at 2-3). This determination is contrary to the plain language of Section 2112 and this Court's precedent. And EPA has confirmed in its filing supporting reconsideration that this presumption is an incorrect characterization of the rule. Doc. 00515702215 at 6 n.3 ("EPA Resp.").

Environmental Petitioners' primary argument against reconsideration—that the D.C. Circuit has already "accepted transfer" "and initiated new docket numbers" and can most "efficient[ly]" address the venue issue, Doc. 00515702660 at 2 ("Pet. Resp.")—relies on a faulty premise and should not sway this Court. The D.C. Circuit has now "deferred" "consideration of the combined motion to consolidate and confirm venue." Order, *Nat'l Parks Conservation Ass'n v. EPA*, No. 20-1408 (D.C. Cir. Jan. 13, 2021). Moreover, Environmental Petitioners seek to consolidate the Texas-only cases that this Court mistakenly transferred with unrelated cases regarding national rulemakings that the D.C. Circuit indefinitely stayed at Environmental Petitioners' request. *Id.* In other words, Environmental Petitioners hope to prevail on the issue by default.

But this limbo regarding the Texas-only rule prejudices Respondent-Intervenors who currently operate under the Texas trading program and must plan for and project the future availability of allowances. This Court can, and should, decide the venue issue

and reconsider its prior erroneous orders. Indeed, where the rule at issue *on its face* is "locally or regionally applicable" and EPA intentionally refrained from determining and publishing a finding that the rule is based on a determination of "nationwide scope or effect," the default presumption should be that the regional court of appeals—this Court—decides the venue issue in the first instance.

On the merits of the Transfer Order and Consolidation Order, Environmental Petitioners ignore the clear precedent that Section 2112 only applies where competing petitions for review are filed in more than one *appropriate* circuit, which was not the case here. And they continue to pretend that their first-filed challenge in 2017 to these same regulations in *only* this Court is irrelevant to these proceedings and that their petition filed three years later in the D.C. Circuit is the first-filed challenge. But, tellingly, they refuse to dismiss their earlier petition, making plain that it is indispensable to their overall challenge and is in fact the "first-filed" petition. Indeed, EPA supports reconsideration and has clarified that the 2020 Rule does *not* "supersede[]" the 2017 Rule, thus gutting the fundamental presumption underlying the transfer of the cases. EPA Resp. at 6 n.3. Therefore, regardless of whether Section 2112 applies, this Court should determine venue because it is the court in which the first-filed petition for review was filed.

## ARGUMENT

I. **Respondent-Intervenors Diligently Sought Reconsideration by a Three-Judge Panel.**

This Court has the authority to, and should in this instance, correct the mistakes in the Consolidation Order and the Transfer Order, as authorized by Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.2. Contrary to Environmental Petitioners' suggestion, Respondent-Intervenors were more than diligent in seeking reconsideration of the Orders. Thus, the holding in *In re Red Barn Motors, Inc.*, 794 F.3d 481 (5th Cir. 2015), counsels in favor of this Court granting reconsideration, not denying it.

Here, Respondent-Intervenors promptly filed their motion for reconsideration. The Orders were entered on December 23, 2020. Respondent-Intervenors filed their reconsideration motion on Sunday, December 27, 2020, over the holiday weekend[3] (Doc. 00515685655 ("Motion")) and similarly filed notice of that motion in the D.C. Circuit (*see* Response to 28(j) Letter, *Nat'l Parks Conservation Ass'n v. EPA*, Nos. 17-1253, 20-1341, 20-1408 (D.C. Cir. Dec. 27, 2020)). In *Red Barn*, the movants waited more than three months after the district court granted a motion to transfer before filing mandamus petitions with this Court. This Court recognized that a "court of appeals should consider directing the transferor district court request return of the

---

[3] In a case like here, where the United States is a party, parties have 45 days to seek reconsideration of a single-judge order. *See* 5th Cir. R. 27.2; Fed. R. App. P. 40(a)(1)(A).

case only where the case has been transferred 'despite the petitioner's diligence.'" *Red Barn*, 794 F.3d at 485. However, in that case, "Petitioners ha[d] not been diligent in seeking review of the transfer"; therefore, this Court denied the mandamus petitions. *Id.*

Here, in contrast, Respondent-Intervenors were especially diligent in seeking reconsideration. Moreover, no party could have expected that the Court would transfer the petitions *sua sponte* to the D.C. Circuit, as no party requested that relief or filed a motion to transfer. And no party had mentioned Section 2112 in its briefing, much less argued that it required transfer, as Judge Davis concluded. Indeed, absent reconsideration, the Court will have transferred these cases without the benefit of *any* briefing on the key issue or an awareness of the parties' positions. Notably, EPA, in support of Respondent-Intervenors' motion, confirmed its position that Section 2112 does not apply in this case and that this Court is the only appropriate venue. EPA Resp. at 3-5. And EPA has further clarified that, contrary to the presumption in the Orders, the 2020 Rule did not supersede the 2017 Rule. Rather, the 2020 Rule "in large part merely affirmed, on reconsideration, the program originally promulgated in the 2017 Texas BART Rule, while making some modest amendments to that program." *Id.* at 6 n.3.

On reconsideration, this Court can, and should, request the D.C. Circuit to return the transferred petitions. It is essential that parties have an "opportunity to seek review in the transferor circuit prior to the physical transfer" of a case. *See, e.g., Red Barn*, 794

F.3d at 485 n.8 (internal citation and quotation omitted). As several courts have recognized, "when the transferred case has been docketed in the transferee court despite the [party's] diligence," this Court can request the transferee court to return the case. *In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995); *see also Red Barn*, 794 F.3d at 484 (noting that "several circuits" have endorsed this method and recognizing "the potential availability of this remedy"); *Fine v. McGuire*, 433 F.2d 499, 500 n.1 (D.C. Cir. 1970) (noting that panel had successfully requested such return). In light of Respondent-Intervenors' diligence to ensure prompt action to avoid any risk of duplicative litigation or inconsistent judicial decision, such an approach is warranted here.

Moreover, even though the petitions were mechanically transferred to the D.C. Circuit, there is *zero risk* of conflicting decisions on venue because the D.C. Circuit recently deferred consideration of the issue. In an order dated January 13, 2021, the D.C. Circuit ordered, among other things, that "consideration of the combined motion to consolidate and to confirm venue be deferred pending further order of the court." Order, *Nat'l Parks Conservation Ass'n v. EPA*, No. 20-1408 (D.C. Cir. Jan. 13, 2021). Therefore, this Court is in the best procedural posture to decide the issue.

Indeed, Environmental Petitioners' plea for this Court to stand down in order to avoid a conflict is disingenuous at best, as they have sought to have their D.C. Circuit cases held in abeyance. Specifically, Environmental Petitioners moved to consolidate their challenge to the 2020 Rule with their separate challenges to EPA's national

rulemakings confirming that CSAPR continues to be better-than-BART,[4] which have been held in abeyance at Environmental Petitioners' request. *See id.* Therefore, no risk of duplicative or inconsistent judicial decisions exists, either on the venue issue or on the merits.

## II. The Fifth Circuit Is the Only Proper Venue for These Challenges Under the Clean Air Act, and Section 2112 Is Inapplicable.

Environmental Petitioners' argument that this Court properly transferred these cases pursuant to Section 2112 is both legally and factually flawed. It is legally flawed because Section 2112 only applies when challenges are filed in two appropriate courts, and it is factually flawed because their first-filed petition was filed in this Court. As to the rationale of the Transfer Order itself, Environmental Petitioners do not argue that Section 2112 could apply where there is only one *appropriate* circuit. Instead, they avoid this obvious threshold error in the Transfer Order and double-down on their argument that they first filed a petition in the D.C. Circuit. But that threshold error is dispositive here—as Respondent-Intervenors and EPA have each explained, under the specific venue provision in the Clean Air Act, 42 U.S.C. § 7607(b), the *only appropriate* Circuit for review of the Texas-only rules at issue here is this Court, not the D.C. Circuit. *See* Motion at 13; EPA Resp. at 3-8.

---

[4] *See* Motion, *Nat'l Parks Conservation Ass'n v. EPA*, No. 20-1408 (D.C. Cir. Oct. 19, 2020).

In developing Section 2112 as it exists today, the Senate explained that "[b]ecause *many statutes* do not specify a particular circuit as the court to handle . . . challenges [to a Federal agency's order], venue for the judicial challenge is often proper in any of the Federal circuits in which challenges are filed." S. Rep. 100-263 at 2 (Dec. 16, 1987), *reprinted in* 1987 U.S.C.C.A.N. 3198, 3198 (emphasis added). To prevent a "race to the courthouse" in such cases, Congress amended Section 2112 and established the existing lottery system when challenges are properly filed in more than one circuit. *Id.* at 3198-3200.

But the Clean Air Act is not among the "many statutes [that] do not specify a particular circuit." As EPA explained in its response in support of this motion, in all but a single, limited circumstance, which is not relevant here, venue under the Clean Air Act for challenges to final administrative actions lies in *only one circuit*. EPA Resp. at 4. For the 2017 Rule and the 2020 Rule, that single circuit is the Fifth Circuit. Under 42 U.S.C. § 7607(b), it is irrelevant whether the 2020 Rule "is inextricably intertwined" with EPA's CSAPR-still-better-than-BART rulemaking, as Environmental Petitioners continue to assert. The question is whether *the action itself* is: 1) a nationally applicable action; 2) a locally or regionally applicable action; or 3) a locally or regionally applicable action based on a determination that has nationwide scope or effect. *Texas v. EPA*, 829 F.3d 405, 418 (5th Cir. 2016). Here, the action itself is a locally or regionally applicable action, and that is the end of the inquiry. Thus, this Court is the only *appropriate* court

in which Environmental Petitioners could have filed their challenges, and Section 2112 does not apply. *See Dayton Power & Light Co. v. EPA*, 520 F.2d 703, 708 (6th Cir. 1975).

Regardless, even if Section 2112 did apply, this Court is the court in which Environmental Petitioners first filed. They do not dispute that they filed their challenge to the 2017 Rule *only* in this Court and then waited three years to question their own choice of venue. Instead, they incorrectly argue that their challenge to the 2017 Rule does not control because EPA "reopened the issue of whether to 'establish' a trading program at all[.]" Pet. Resp. at 14. But that argument is belied by the fact that the 2020 Rule only made modest changes to the trading rules and did not re-promulgate the program (which was already in operation and regulating Intervenor-Respondents' facilities). Even if the 2020 Rule reopened certain issues from the 2017 Rule, the fact is that Environmental Petitioners filed their challenge to the program in 2017 in this Court, and, tellingly, they continue to maintain that petition.

Nor is it true that Environmental Petitioners "faced significant obstacles to litigating [] the substance or venue implications of the [2017 Rule] through the 2017 petition." *Id.* Environmental Petitioners could have sought review in the D.C. Circuit in 2017 and asked that court to confirm venue (as they have now done in 2020). They did not. Instead, they correctly filed their challenge only in this Court and have, by doing so, waived any argument against venue in this Court. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953); *see also Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003).

Nor does Judge Higginbotham's order in *Sierra Club v. EPA*, No. 20-60303 (5th Cir.), support transfer here pursuant to Section 2112 or otherwise. For one thing, Judge Higginbotham did not transfer that case at all, much less cite Section 2112—he simply held the case in abeyance. More fundamentally, the facts there differed significantly and were certainly not "nearly identical," as Environmental Petitioners contend. Pet. Resp. at 16. That case, which Environmental Petitioners characterize as a "follow-on challenge to an earlier rule," was *not* consolidated with the earlier filed challenge, and no party argued for such a result. *Id.* Here, in contrast, Environmental Petitioners' challenge to the Texas rule *requires* review of both the 2017 Rule and the 2020 Rule, as evidenced by their refusal to dismiss their 2017 petition and this Court's consolidation of the two petitions.

Moreover, the "earlier petition for review" cited by Environmental Petitioners (*Downwinders at Risk v. EPA*, No. 18-60290 (5th Cir.)), involved separate EPA actions that were promulgated in different administrative dockets than the actions at issue in Case No. 20-60303. Indeed, that earlier-filed petition for review *still remains pending separately in this Court. See Downwinders at Risk v. EPA*, No. 18-60290 (5th Cir.). Nor were these "follow-on" actions in the sense that EPA was reconsidering and affirming its prior action; the rulemakings challenged in Case No. 20-60303 were "replacement actions," and no party sought to consolidate the cases. Here, in contrast, the 2020 Rule "affirms" and provides only limited revisions to the 2017 Rule. Thus, the 2017 petition

filed only in this Court is plainly integral to Environmental Petitioners' challenge and constitutes the first-filed petition for review of the Texas-only trading program.

### III. Environmental Petitioners Would Not Be Prejudiced if This Court Granted Reconsideration.

Environmental Petitioners would suffer no prejudice were this Court to grant reconsideration and correct the errors in the Consolidation Order and the Transfer Order. As discussed above, Environmental Petitioners are not seeking to move forward with their petitions in the D.C. Circuit, and, in fact, the D.C. Circuit has deferred its consideration of the venue issue. There is, thus, no risk of conflicting decisions were this Court to grant reconsideration and confirm venue here. Given that briefing on the venue issue is complete in this Court, the most efficient path forward in these cases is for this Court to decide the venue issue.

### CONCLUSION

For these reasons, Respondent-Intervenors request that this Court: 1) reconsider the Transfer Order and, to the extent it denies without prejudice the motion to confirm venue, the Consolidation Order; and 2) enter an Order confirming that venue for these consolidated cases lies exclusively in this Court.

Dated: January 19, 2021

Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*

s/ April E. Lucas
April E. Lucas
Keith A. Courtney
MCGINNIS LOCHRIDGE
600 Congress Avenue, Ste. 2100
Austin, Texas 78701
(512) 495-6000
alucas@mcginnislaw.com

*Counsel for Intervenor Southwestern Electric Power Company*

<div style="margin-left: 50%;">

s/ Aaron M. Streett
Aaron M. Streett
Matthew L. Kuryla
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1234
aaron.streett@bakerbotts.com
matthew.kuryla@bakerbotts.com

*Counsel for Intervenor NRG Texas Power LLC*

s/ Debra J. Jezouit
Debra J. Jezouit
Allison Watkins Mallick
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, DC 20001
(202) 639-7700
debra.jezouit@bakerbotts.com
allison.mallick@bakerbotts.com

*Counsel for Intervenor Southwestern Public Service Company*

</div>

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this reply complies with Fed. R. App. P. 27(d)(2)(C) because it contains 2,564 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This reply also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: January 19, 2021

<div style="text-align:right">

s/ P. Stephen Gidiere III
*Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 19th day of January, 2021.

<div style="text-align: right;">

s/ P. Stephen Gidiere III
*Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*

</div>