# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, SIERRA CLUB, and ENVIRONMENTAL DEFENSE FUND, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency, <br><br> Respondents. | No. 17-60828 (consolidated with No. 20-60929) |

## JOINT REPLY OF RESPONDENT-INTERVENORS IN SUPPORT OF MOTION FOR LEAVE

Respondent-Intervenors[1] respectfully submit this reply in support of their motion requesting leave to file their petition for rehearing en banc of the panel's published opinion in these consolidated appeals. *See Nat'l Parks Conservation Ass'n v. EPA*, 991 F.3d 681 (5th Cir. 2021). As explained in the motion, Respondent-Intervenors attempted to timely file their petition for rehearing en banc on May 6, 2021, within 45 days of the panel's published decision; however, the Clerk's Office believed

---

[1] Respondent-Intervenors are Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC; Southwestern Electric Power Company; NRG Texas Power LLC; and Southwestern Public Service Company (collectively, "Respondent-Intervenors").

that a petition for rehearing en banc "is not allowed from the denial of a motion for reconsideration" and took no action on the petition. Doc. 00515853397. But neither the Federal Rules of Appellate Procedure nor this Court's local rules and Internal Operating Procedures prohibits the filing of a petition for rehearing en banc in this situation, and Environmental Petitioners do not contend otherwise. Because the issues presented in Respondent-Intervenors' petition are of exceptional importance and, further, because en banc review is necessary to secure and maintain uniformity with this Court's prior decisions, this Court should grant Respondent-Intervenors' motion for leave.

Environmental Petitioners' opposition only serves to underscore why rehearing en banc is necessary and why, at a minimum, all active Judges of the Court should be given the opportunity to make that determination. Respondent-Intervenors' petition raises an issue of exceptional importance and addresses a new rule of law announced in the panel's published opinion and does not, as Environmental Petitioners wrongly contend, seek to re-litigate the facts of the case, Doc. 00515880998 at 7. Tellingly, Environmental Petitioners do not endorse or defend the new rule established by the panel opinion—that 28 U.S.C. § 2112 *prohibits* the Court from deciding venue in this instance. Instead, they cite a *permissive* approach used previously by the Court in a case where the petition for review was not even transferred. *Id.* Thus, although they claim Respondent-Intervenors have not met the standard for en banc review, Environmental

Petitioners' own arguments highlight the inconsistencies in this Court's rulings on the issue, which clearly meets the rehearing standard. *See* Fed. R. App. P. 35(a).

As to the procedural issue before the Court—whether en banc can be granted following a three-judge panel's published denial of reconsideration—Environmental Petitioners, again, do not endorse or defend the Deputy Clerk's position on that issue. Instead, they argue that Respondent-Intervenors should have sought rehearing within 45 days of the single-judge orders that transferred the cases. Doc. 00515880998 at 5-6. But the Court's rules clearly direct parties to first seek reconsideration of single-judge orders by a three-judge panel, 5th Cir. R. 27.2, which Respondent-Intervenors timely sought and were denied. It would be strange indeed if a precedent-setting, three-judge opinion could be wholly excluded from en banc review as Environmental Petitioners would have it here.

Moreover, as to timeliness, Respondent-Intervenors attempted to file their petition for rehearing en banc 42 days following the entry of the panel's opinion denying reconsideration, within the 45-day deadline provided in the Federal Rules of Appellate Procedure. Fed. R. App. P. 40(a)(1); *see also* 5th. Cir. R. 35.4 ("Any petition for rehearing en banc must be *received* in the clerk's office within the time specified in Fed. R. App. P. 40." (emphasis added)). Further, the Court's rules permit a motion for leave to file a petition for en banc rehearing outside the 45-day window for compelling reasons, as is the case here where the Clerk's Office did not file the timely submitted petition. *See* Fed. R. App. P. 40(a)(1) ("unless an order shortens or extends the time . . ."); 5th Cir.

3

R. 35.4. Respondent-Intervenors have been more than diligent in seeking review and following the Court's rules and the Clerk's instructions. The procedural history of this case—and the lack of clarity regarding en banc review in this instance[2]—demonstrates the compelling reason for granting leave in this case and circulating the en banc petition to all active Judges of the Court.

For the foregoing reasons, Respondent-Intervenors respectfully request this Court grant leave for Respondent-Intervenors to file the petition for rehearing en banc and circulate such petition to the other judges of the Court in accordance with the Fifth Circuit Rules and this Court's Internal Operating Procedures.

---

[2] *See, e.g.*, *Thomas v. Bryant*, 938 F.3d 134, 187-89 (5th Cir. 2019) (Willett, J., dissenting), *reh'g en banc granted*, 939 F.3d 629 (5th Cir. 2019), *and on reh'g en banc sub nom. Thomas v. Reeves*, 961 F.3d 800 (5th Cir. 2020).

Dated: June 4, 2021          Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*

s/ April E. Lucas
April E. Lucas
Keith A. Courtney
MCGINNIS LOCHRIDGE
600 Congress Avenue, Ste. 2100
Austin, Texas 78701
(512) 495-6000
alucas@mcginnislaw.com

*Counsel for Intervenor Southwestern Electric Power Company*

<div style="margin-left: 50%;">

s/ Aaron M. Streett
Aaron M. Streett
Matthew L. Kuryla
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1234
aaron.streett@bakerbotts.com
matthew.kuryla@bakerbotts.com

*Counsel for Intervenor NRG Texas Power LLC*

s/ Debra J. Jezouit
Debra J. Jezouit
Allison Watkins Mallick
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, DC 20001
(202) 639-7700
debra.jezouit@bakerbotts.com
allison.mallick@bakerbotts.com

*Counsel for Intervenor Southwestern Public Service Company*

</div>

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this reply complies with Fed. R. App. P. 27(d)(2)(C) because it contains 783 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This reply also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: June 4, 2021

> s/ P. Stephen Gidiere III
> *Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 4th day of June, 2021.

<div style="text-align: right;">
s/ P. Stephen Gidiere III  
*Counsel for Intervenors Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, and Coleto Creek Power, LLC*
</div>